SAMUEL DEWHIRST, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Essex.    November 4, 1896. — January 11, 1897.

Present: ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Loss of Life — Railroad — Conjectural Cause of Death — Action.*

An action cannot be maintained against a railroad corporation, under the employers' liability act, St. 1887, c. 270, for causing the death of a brakeman in its employ, through the alleged negligence of the engineer of a freight train on which he was working, in stopping the train before he had received the motion so to do, if, assuming that the engineer had begun to stop the train before receiving such motion, the evidence fails to connect the accident with this conduct of the engineer, and leaves the cause of the accident conjectural.

TORT, under the employers' liability act, St. 1887, c. 270, by the administrator of the estate of Samuel Dewhirst, Junior, for causing his death while in the defendant's employ as a brakeman on a freight train.    Trial in the Superior Court, before *Sherman*, J., who, at the defendant's request, ruled that, on the evidence, the plaintiff was not entitled to recover, and directed the jury to return a verdict for the defendant ; and the plaintiff alleged exceptions.    The facts sufficiently appear in the opinion.

*B. B. Jones*, for the plaintiff.

*W. I. Badger*, for the defendant.

MORTON, J.    The plaintiff contends that the accident to his intestate was due to the negligence of the engineer in stopping the train before he had received the motion to do so.    The only evidence bearing on the matter comes from the man who stood on the car next to the engine for the purpose of repeating to the engineer, who guided his action thereby, signals given from the rear end of the train by the plaintiff's intestate and another man for that purpose.    He testified in part as follows : " *Q.* At the time that you gave the down motion, [that is, the stop motion,] had the steam been shut off ?    *A.* Well, I felt a jar.    I think it was shut off. — *Q.* What makes you think it was shut off ?    *A.* Because it jarred me just as I was giving the motion to stop before I gave it. — *Q.* What jarred you ?    *A.* The stopping

of the train like." There was no direct evidence that the steam was shut off, or if it had been that it would have resulted in such a motion as the witness attempted to describe. Neither the engineer, nor the fireman, nor the conductor who was in the cab of the engine, was called as a witness. But if we assume that the engineer had begun to stop the train before the motion was given, the evidence fails to connect the accident to the plaintiff's intestate with this conduct on the part of the engineer. The same witness who testified to what has already been quoted also testified, on cross-examination, that he got the stop motion from the plaintiff's intestate after he had felt the jostling, and that it was given at about the same time as the other man gave it who stood on top of the car which was being kicked on to the side track. Whether, therefore, the accident was due to the action of the engineer, or to some other cause, was a matter of conjecture, and the plaintiff failed to sustain the burden of showing that it came from the negligence of the engineer, even if we assume that he had begun to stop the train before he received the motion to do so.          *Exceptions overruled.*